Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that it fully appears the parties at the time of the contract for the sale and purchase of the land in the proceedings mentioned, supposed that the lands were bounded on the southwest by Cranberry creek, and did not know that the lines called for in Moore’s grants included any land on the southwest of said creek; the same being then, in the possession of John B. Mitchell, who held under what is admitted by the parties to be an older and better title. It furthermore appears, that at the time of the contract certain portions of the laud on the northeast side of said creek were reserved by the appellant out of the sale, for the benefit of himself and said John B. Mitchell, which reservations were made by metes and bounds, but the quantity thereof was not ascertained. And for the residue of the Moore tracts, so supposed by the parties to be situate on the northeast side of the creek, the appellee agreed to pay an aggregate sum, without reference to any specific quantity. The appellee has therefore in fact obtained the land for which the parties supposed they were contracting, and for which he agreed to pay the stipulated price, and although in running the lines, it turns out that the boundaries called for in the Moore grants, extend across Cranberry creek, and include land on the southwest side thereof, held by Mitchell under a better title, this fact does not entitle the ap *96 pellee to any deduction from the purchase money. The Court is therefore of opinion that the decree perpetuating the injunction is erroneous, and the same is reversed with costs to the appellant. And this Court proceeding, &c., dissolves the injunction and dismisses the bill with costs.